UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

CHARLES PRITCHETT,

                          Plaintiff,

             -against-

THE CITY OF NEW YORK, CAPTAIN WILLIAM
McSORLEY, POLICE OFFICER ROBERT CANDREA,
POLICE OFFICER WILSON, POLICE OFFICER ERIK
CHRISTIANSEN, POLICE OFFICER MINDY
ANGUEIRA, POLICE OFFCER JAMES ROGERS, and
"JOHN/JANE DOES #1-5" believed to be members of the
NEW YORK CITY POLICE DEPARTMENT,

                        Defendants.

------------------------------------------------------------------X

**ANSWER BY
CANDREA & ANGUEIRA**

**07 CV 3169 (HB)(GWG)**

**Jury Trial Demanded**

       Defendants Candrea[1] and Angueira[2] as for an answer to the complaint, respectfully allege, upon information and belief, as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that the City of New York is a municipal corporation, and that the City of New York maintains a police department.

3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that defendant McSorley is employee of the City of New York within the New York

---

[1] Sued herein as "Robert Candrea."
[2] Sued herein as "Mindy Angueira."

Police Department. Defendants further stated whether McSorley was a state actor under color of law constitutes a legal conclusion to which no response is required.

4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that defendant Candrea is an employee of the City of New York employed within the New York Police Department. Defendants further stated whether Candrea was a state actor under color of law constitutes a legal conclusion to which no response is required.

5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that defendant Wilson is an employee of the City of New York employed within the New York Police Department. Defendants further stated whether Wilson was a state actor under color of law constitutes a legal conclusion to which no response is required.

6.     Deny the allegations set forth in paragraph "6" of the complaint, except admit that defendant Christiansen is an employee of the City of New York employed within the New York Police Department. Defendants further stated whether Christiansen was a state actor under color of law constitutes a legal conclusion to which no response is required.

7.     Deny the allegations set forth in paragraph "7" of the complaint, except admit that defendant Angueira is an employee of the City of New York employed within the New York Police Department. Defendants further stated whether Angueira was a state actor under color of law constitutes a legal conclusion to which no response is required.

8.     Deny the allegations set forth in paragraph "7" of the complaint, except admit that defendant Rogers is an employee of the City of New York employed within the

New York Police Department. Defendants further stated whether Rogers was a state actor under color of law constitutes a legal conclusion to which no response is required.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint concerning unidentified defendants.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

11. Deny the  allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to base venue as stated therein.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that no payment has been made by defendant City of New York.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16"of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's purported injuries.

19.    Deny the allegations set forth in paragraph "19" of the complaint, except admit that members of the NYPD and FDNY responded to the scene.

20.    Deny the allegations set forth in paragraph "20" of the complaint.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint concerning unidentified defendants.

23.    Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff was arrested.

24.    Deny the allegations set forth in paragraph "24" of the complaint.

25.    Deny  the allegations set forth in paragraph "25" of the complaint.

26.    Deny  the allegations set forth in paragraph "26" of the complaint.

27.    Deny the allegations set forth in paragraph "27" of the complaint, except admit that Candrea was the arresting officer.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    Deny the allegations set forth in paragraph "29" of the complaint.

30.    Defendants state that the statement set forth in paragraph "30" of the complaint constitutes a legal conclusion to which no response is required.

31.    In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-30, inclusive of this answer, as if fully set forth herein.

32.    Deny the allegations set forth in paragraph "32" of the complaint.

33.    Deny the allegations set forth in paragraph "33" of the complaint.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    Deny the allegations set forth in paragraph "35" of the complaint.

36.    In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-35, inclusive of this answer, as if fully set forth herein.

37.    Defendants state that the statement set forth in paragraph "37" of the complaint constitutes a legal conclusion to which no response is required.

38.    Deny the allegations set forth in paragraph "38" of the complaint.

39.    Deny the allegations set forth in paragraph "39" of the complaint.

40.    Deny the allegations set forth in paragraph "40" of the complaint.

41.    In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-40, inclusive of this answer, as if fully set forth herein.

42.    Defendants state that the statement set forth in paragraph "42" of the complaint constitutes a legal conclusion to which no response is required.

43.    Deny the allegations set forth in paragraph "43" of the complaint.

44.    Deny the allegations set forth in paragraph "44" of the complaint.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-45, inclusive of this answer, as if fully set forth herein.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-48, inclusive of this answer, as if fully set forth herein.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.    In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-53, inclusive of this answer, as if fully set forth herein.

55.    Defendants state that the statement set forth in paragraph "55" of the complaint constitutes a legal conclusion to which no response is required.

56.    Deny the allegations set forth in paragraph "56" of the complaint.

57.    Deny the allegations set forth in paragraph "57" of the complaint.

58.    Deny the allegations set forth in paragraph "58" of the complaint.

59.    In response to the allegations set forth in paragraph "59" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-58, inclusive of this answer, as if fully set forth herein.

60.    Defendants state that the statement set forth in paragraph "60" of the complaint constitutes a legal conclusion to which no response is required.

61.    Deny the allegations set forth in paragraph "61" of the complaint.

62.    Deny the allegations set forth in paragraph "62" of the complaint.

63.    Deny the allegations set forth in paragraph "63" of the complaint.

64.   In response to the allegations set forth in paragraph "64" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-63, inclusive of this answer, as if fully set forth herein.

65.   Deny the allegations set forth in paragraph "65" of the complaint.

66.   Deny the allegations set forth in paragraph "66" of the complaint.

67.   Deny the allegations set forth in paragraph "67" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

68.   The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

69.   Defendants Candrea and Angueira have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

70.   Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants Candrea and Angueira.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

71.   There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

72.   Plaintiff may not have satisfied all the conditions precedent to suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

73.   There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

74.    Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

75.    Defendants Candrea and Angueira have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

WHEREFORE, defendants Candrea & Angueira request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 6, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants Candrea & Angueira*
100 Church Street, Rm. 3-148
New York, New York 10007
(212) 788-1277

By: _____
JOYCE CAMPBELL PRIVETERRE (JCP 1846)
Assistant Corporation Counsel

TO:

Michael Lumer (ML 1947)
Reibman & Weiner
Attorneys for Plaintiff
26 Court Street, Suite 1005
Brooklyn, New York 11242

Index No. **07 CV 3169 (HB)(GWG)**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CHARLES PRITCHETT,

                                                    Plaintiff,

                            -against-

THE CITY OF NEW YORK, CAPTAIN WILLIAM
McSORLEY, POLICE OFFICER ROBERT
CANDREA, POLICE OFFICER WILSON, POLICE
OFFICER ERIK CHRISTIANSEN, POLICE
OFFICER MINDY ANGUEIRA, POLICE OFFCER
JAMES ROGERS, and "JOHN/JANE DOES #1-5"
believed to be members of the NEW YORK CITY
POLICE DEPARTMENT,

                                                    Defendants.

---

## ANSWER

### *MICHAEL A. CARDOZO*

*Corporation Counsel of the City of New York*
*Attorney for defendants Candrea & Angueira*
*100 Church Street, Room 3-148*
*New York, N.Y.  10007*

*Of Counsel:* Joyce Campbell Privéterre
*Tel:  (212) 788-1277*
*NYCLIS No.*

*Due and timely service is hereby Admitted.*
*New York, N.Y.   August 6, 2007*
            *Joyce Campbell Privéterre, Esq.*
*Attorney for Defendants Candrea & Angueira*