

APR 25 2008
HAROLD BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church St.
New York, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JOYCE CAMPBELL PRIVÉTERRE
*Special Federal Litigation Division*
(212) 788-1277
Fax: (212) 788-9776

April 25, 2008

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/08

**Via Facsimile (212) 805-7901**
The Honorable Harold Baer, Jr.
United States District Judge
United States Courthouse
500 Pearl Street, Room 2230
New York, New York 10007

    Re:    Pritchett v. City of New York et al.
           07 CV 3169 (HB)(GWG)

Your Honor:

    I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants Captain William McSorley, Police Officer William Wilson, Police Officer Erik Christiansen, Police Officer Mindy Angueira and Police Officer Robert Rogers.[1]

    Defendants respectfully write to request that the plaintiff's April 9, 2008 request for an entry of default against the defendant erroneously sued herein as "Police Officer James Rogers" be denied. For the reasons set forth below, and in light of the fact that defendant Police Officer James Rogers was mistakenly named as a defendant in this action, Your Honor should deny plaintiff's request for a default judgment against defendant Police Officer Robert Rogers.

---

[1] Plaintiff alleges, *inter alia*, that on July 29, 2006, he was falsely arrested and detained by New York City police officers; plaintiff also asserts claims for excessive force and malicious prosecution. Upon information and belief, plaintiff was charged three counts of Assault, and one count each: criminal mischief, resisting arrest, reckless endangerment of property, operating a motor vehicle while intoxicated, disorderly conduct, operating a motor vehicle without a license, leaving the scene of an accident and passing on the right.

Plaintiff's counsel acknowledges that the undersigned informed him at a prior court conference that plaintiff had erroneously served an Officer (James) Rogers who had no involvement with the incident that purportedly forms the basis of the instant lawsuit. Moreover, plaintiff's counsel has represented that he has agreed withdraw his request for a Default against defendant James Rogers. See Exhibit A. Although counsel has apparently endeavored to speak with the Clerk's office considering this matter, defendants seek a prophylactic Order to ensure that defendant James Rogers is not prejudiced by any delay in vacating plaintiff's request. Plaintiff's counsel has stated that his decision was informed by a reference in the criminal complaint that identified Police Officer James Rogers as one of the subject officers. However, as evidenced by the Supporting Deposition executed by Police Officer Robert Rogers, Shield # 31873, Officer James Rogers was not involved in the incident. See Exhibit B.

It is well-settled that "[t]he extreme sanction of a default judgment must remain a weapon of last rather than first, resort." Meehan v. Show 652 F.2d 274, 277 (2d Cir. 1981); accord Davis v. Musler, 713 F.2d 907, 917 (2d Cir. 1983); Lichtenstein v. Jewelart, Inc., 95 F.R.D. 511, 513 (E.D.N.Y. 1982). Moreover, this sanction should only be imposed "upon a serious showing of willful default." Gill v. Stolow, 240 F.2d 669, 670 (2d Cir. 1957). In deciding whether to relieve a party from default or from a default judgment, the court considers the same three factors: (1) whether the default was willful; (2) whether defendant has a meritorious defense, and (3) whether plaintiff will be prejudiced if the relief is granted. Enron Oil Corp. v. Diakhura, 10 F.3d 90, 96 (2d Cir. 1993).

It is respectfully submitted that defendant Police Officer Robert Rogers's failure to respond to the complaint was the result of not having been served and was neither willful nor in bad faith. Furthermore, defendant James Rogers has a meritorious and complete defense to plaintiff's claims insofar as he had no involvement with the subject incident. Plaintiff can not credibly demonstrate prejudice if the default against defendant James Rogers is granted this relief.

Lastly, in the very unique circumstances of this case Robert Rogers is waiving service upon him. As defendant City has completed its representational interview of Police Officer Robert Rogers, it is respectfully requested that defendant City be granted permission to interpose the annexed answer on his behalf.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Joyce Campbell Priveterre
Assistant Corporation Counsel

SO ORDERED

Harold Baer, Jr., U.S.D.J.

Date: 7/28/08

*[Handwritten annotation across signature area, partially illegible:]* I'm not clear enough on this — can't tell whether the request was needed — can't tell who mislabeled — I think we're done if I don't — have already — let me know something or at least something will dismiss.

cc:     **<u>Via Facsimile (718) 643-9297</u>**

   Michael B. Lumer, Esq.
   Reibman & Weiner
   Attorneys for Plaintiff
   26 Court Street, Suite 1005
   Brooklyn, New York 11242

Endorsement:

    I'm not clear that this is worth the tree that was felled - can't the plaintiff just dismiss against the mistaken Rogers or tell me which I think you have already done in substance and I'll dismiss let me know if I'm missing something or if you or I will dismiss.