USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/16/08

RHIBMAN & WEINER

26 Court Street
Suite 1005
Brooklyn, NY 11242
Telephone (718) 522-1743
Facsimile (718) 643-9297



RECEIVED
MAY 14 2008
HAROLD BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

May 14, 2008

**Via E-Mail**

Hon. Harold Baer, Jr.
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   **Pritchett v. City of New York,
07 CV 3169 (HB)**

Dear Judge Baer:

      We represent plaintiff Charles Pritchett in the above-referenced action, and write to respectfully request that the Court issue an order (i) compelling defendants to produce long-outstanding discovery and (ii) provide dates for defendants' depositions. Plaintiff has made repeated efforts to resolve this matter without motion practice, but, despite repeated promises of compliance by defendants, none of the outstanding discovery has been produced nor have <u>any</u> dates for the defendants' depositions been confirmed.

### Background

      This case concerns the defendants' arrest and beating of plaintiff in late July 2006, in City Island, New York, by members of the New York City Police Department ("NYPD"), which was captured on video tape.

      On December 6, 2006, plaintiff served defendants with his First Set of Interrogatories and Request for Documents, as well as deposition notices for each of the defendants. Despite my repeated requests, defense counsel refused to produce any responses to the discovery demands, requiring plaintiff to adjourn the depositions. Our efforts to obtain discovery, and defendants' pattern of delay, are reflected in my letters correspondence of February 11, April 3, 7, and 14, 2008, copies of which are annexed hereto as Exhibit 1.

Hon. Harold Baer, Jr., U.S.D.J.
Pritchett v. City of New York, 07 CV 3169 (HB)
May 14, 2008
Page -2-

       On April 16, 2008, defendants finally responded. Although their objections were untimely and therefore waived, defendants objected repeatedly and refused to respond to virtually every request (although no privilege was cited). They did, however, produce excerpts of the CCRB's file concerning this matter. Unfortunately, this production was in complete disarray and so out of order as to be almost incomprehensible. Moreover, defendants claimed that 195 pages were turned over, when there were only 165 pages appended to defendants' responses. A copy of these responses (without the accompanying documentation) is annexed as Exhibit 2.

       On April 24, 2008, I wrote to Assistant Corporation Counsel Joyce Priveterre, outlining the various deficiencies in defendants' responses, and asked for deposition dates for the defendants. I further asked that defendants respond by April 30, 2008, to avoid motion practice. A copy of this letter is annexed hereto as Exhibit 3.

       On April 25, 2008, Ms. Priveterre wrote to me, advising that she would be out of the office from April 28 through May 2, 2008, and requesting that I agree to give defendants until May 9, 2008 to provide the outstanding discovery referenced in my letter. Copies of this letter, and my letter in response, are annexed hereto as Exhibit 4.

       On May 9, 2008, Ms. Priveterre telephoned me to advise that she could not deliver these materials until Monday, May 12, 2008. On May 12, 2008, Ms. Priveterre advised that the documents could not be delivered until the morning of May 13, 2008. As of the writing of this letter on May 14, 2008, no documents have been received.

       In addition, on May 12, 2008, Ms. Priveterre finally suggested various deposition dates, but indicated that she had not discussed these dates with the defendants. I advised her at that time that I needed her to confirm those dates with me immediately, which she assured me she would do, as she had mobile phone numbers for each of the defendants. Not surprisingly, defendants have yet to memorialize our conversation or confirm a single defendant's deposition.

**Outstanding Discovery**

       Defendants' document production consisted of 165 pages of documents which appear to be excerpts from the CCRB file concerning plaintiff's arrest which are presented in what can only be described as an entirely random order. Furthermore, certain documents appear to be duplicates and other sections of material are missing altogether.

       More significantly, although defendants' objections are grossly untimely, and therefore waived, defendants make no attempt to respond to any of plaintiff's interrogatories or document demands. Instead, defendants object and refuse to answer, or else simply making a general reference to the 165 pages entire set of documents produced.

Hon. Harold Baer, Jr., U.S.D.J.
Pritchett v. City of New York, 07 CV 3169 (HB)
May 14, 2008
Page -3-

        Accordingly, plaintiff hereby requests that the defendants be compelled to produce the following discovery and information:

    (1)    Responses to Interrogatories 3 through 20, and, where defendants are referring plaintiff to documents being produced, such reference be made in accordance with Local Rule 33.1;

    (2)    Responses to document demands 5 through 20, and 22 through 24;

    (3)    Audio tapes of each interview conducted by CCRB;

    (4)    Audio tapes of 911 calls and radio runs; and,

    (5)    Available deposition dates for each of the answering defendants.

        The record before the Court demonstrates that defendants' failure to produce material discovery and information in this matter is both intentional and ongoing, and cannot be resolved without judicial intervention. Accordingly, plaintiff asks that the Court order defendants to immediately produce the discovery and information set forth above outlined above, and for such other relief that the Court deems just and appropriate.

        Thank you for your attention and consideration in this matter.

        Respectfully submitted,

        s/

        Michael B. Lumer (ML-1947)

cc:    Joyce Campbell Priveterre, ACC (by e-mail)

*[Handwritten note from Judge:]* Prepare proposed order on notice returnable Tuesday 5/20/08 & be sure to include what you believe to be appropriate Rule 37 sanctions

SO ORDERED:
/s/ Harold Baer, Jr., U.S.D.J.
Date: 5/15/08