

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 Church St.<br>New York, NY 10007 | JOYCE CAMPBELL PRIVÉ TERRE<br>*Special Federal Litigation Division*<br>(212) 788-1277<br>Fax: (212) 788-9776 |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/08



May 21, 2008

**Via Facsimile (212) 805-7901**
The Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2230
New York, New York 10007

      Re: <u>Pritchett v. City of New York et al.</u>
        07 CV 3169 (HB)(GWG)

Your Honor:

  As the Assistant Corporation Counsel assigned to the defense of the above-referenced action, I write in opposition to plaintiff's proposed Order following his motion to compel dated May 14, 2008. In addition, for the reasons set forth herein, it is respectfully submitted that the imposition of Rule 37 sanctions are unwarranted as defendants will have substantially complied with outstanding discovery demands by May 29, 2008.

**Factual Background**

  On July 29, 2006, at approximately 11:30 p.m., on or near City Island Avenue, Bronx County, New York, plaintiff was arrested after causing his motorcycle to crash into a parked car that later erupted from a gasoline fire. Mr. Pritchett was observed trying to leave the scene of the accident by New York City Police Department officers. Plaintiff was arrested on three counts of Assaulting a police officer, one count Criminal Mischief, one count Resisting Arrest, one count Reckless Endangerment, one count Operating a Vehicle While Intoxicated, one count Disorderly Conduct, one count Operating a Motor Vehicle without a license, one count Leaving the Scene

of an Accident and one count Passing on the Right. Upon information and belief, plaintiff pled guilty to a portion of these charges.

Plaintiff's complaint, purportedly commenced pursuant to 42 U.S.C. § 1983, claims that defendants City of New York, Police Officers William McSorley, Robert Candrea, William Wilson, Erik Christiansen, Mindy Angueira and James Rogers violated his constitutional rights by falsely arresting, maliciously prosecuting and using excessive force against him.

### Procedural Background

As an initial matter, discovery was delayed owing in part to the pending criminal court proceedings which were ongoing at the commencement of this litigation. The criminal matter terminated with a plea. We have requested the Criminal Court file and await its receipt.

Additionally, as the Court is aware, plaintiff had erroneously served an Officer James Rogers who had no involvement with the incident that purportedly forms the basis of the instant lawsuit. This matter was the subject of recent default judgment litigation before the Court. Plaintiff's counsel had represented that he would withdraw his request for a default against James Rogers, but to date he has not done so. An answer was interposed on behalf of Police Office Robert Roberts on or about April 28, 2008.

### Discovery Responses

It should be noted that the parties have engaged in intermittent settlement negotiations with plaintiff's counsel for the past six weeks in an effort to conserve litigation costs and facilitate settlement. In any event, in response to plaintiff's request for the Civilian Complaint Review Board ("CCRB") investigative file of the subject incident, plaintiff's counsel was apprised of the fact that CCRB only recently completed its investigation. In fact, upon information and belief, CCRB only communicated its disposition of the investigation in late March 2008. Thereafter, this office made an additional request for the completed file in order to fulfill defendants' discovery requirements. It was not until the evening of May 9, 2008, that the undersigned received the documents contained in the completed CCRB investigative file. On Monday, May 12, 2008, plaintiff's counsel was informed that complete responses to his outstanding discovery responses would be forthcoming. Thus, plaintiff was well aware of our efforts to obtain the finalized CCRB file and comply with our discovery obligations. Indeed, we only received the audiotapes of the CCRB investigation on Friday, May 16, 2008.

Defendants' response to plaintiff's discovery demands as well as the responsive documents from the CCRB file will be hand-delivered to plaintiff's counsel by May 29, 2008. Although the audiotapes must be sent to a vendor to be copied, defendants will also produce these by May 29, 2008.

### Sanctions are Not Warranted

It is respectfully submitted that plaintiff's proposed Order seeking $3,500 pursuant to F.R.C.P. 37 (a)(4)(A) should be denied because defendants will have substantially complied with outstanding discovery by serving their responses to plaintiff's requests by May 29, 2008. In addition, as plaintiff was kept apprised of defendants' continuing efforts to obtain documents

from CCRB, such sanctions are not warranted. It is well-settled that, among the factors relevant to a court's discretion to impose sanctions is:

> (1) the willfulness of the non-compliant party or the reason for the non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the non-compliance, and (4) whether the non-compliant party has been warned of the consequences of non-compliance.

See, Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 852-54 (2d Cir. 1995); USA Gateway, 2004 U.S. Dist. LEXIS 26139; 2004 WL 3030183 at 4.

No one factor is dispositive, as a court's determination to impose sanctions must be weighed in light of the full record in the case. Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979)(citing National Hokey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)). For all of the reasons set forth herein, it cannot be credibly argued that the facts presented at bar justify the imposition of sanctions against the defendants, nor can plaintiff satisfy any of the elements in Bambu.

Defendants conduct has not been willful, nor have defendants disregarded plaintiff's discovery demands. The delay in discovery proceedings is at least partly attributable to the fact that plaintiff's criminal court trial had been adjourned numerous times. Necessarily, the CCRB investigation of plaintiff's allegations had to await a judicial determination from the court below before documents could be obtained and produced. As the annexed affidavit from CCRB explains, said investigation was only completed in or about March 2008. The affidavit also confirms that defendants received the documents on or about May 9, 2008, and the audiotapes on or about May 16, 2008. As the file is voluminous, defendants are making every effort to review the same and produce responsive documents (and audiotapes) by May 29, 2009.

Nevertheless, the fact that the parties had pursued a parallel settlement track, discussing on several occasions the relative hardships in coordinating deposition dates, also strongly argues against the imposition of sanctions. Monaghan v. SZS 33 Associates, L.P., 148 F.R.D. 500, 89 Civ 4900 (RSW); 1993 U.S. Dist. LEXIS 5939,(S.D.N.Y.) May 5, 1993)(citations omitted).

Accordingly, for the reasons set forth herein defendants respectfully request that the Court deny plaintiff's application to endorse the proposed Order for production of discovery demands and for sanctions.

We thank the Court for its consideration of this matter.

Respectfully submitted,

[signature]
Assistant Corporation Counsel

SO ORDERED:

[signature]
Harold Baer, Jr., U.S.D.J.

[Handwritten annotations by the Judge, partially legible:]

*Since today is the [?] of [?], I will not sign the proposed order [?] or before me [?] on the proposed order [?] and will not permit [?] until [?] produced for counsel [?] [?] to discovery in [?] on Wednesday [?] that [?] an [?] in the TTS [?] as well as the material [?] not just CCRB material.*

3

Endorsement:

    Since today is the 27th I will wait to sign the proposed order until the 29th if plaintiff calls at or before the close of business on Wednesday and tells me you have delivered all the discovery I will not sign the proposed order. Conversely if not produced I will sign the order and by the way I asked for counter proposed orders as I recall not an exercise in the history of the litigation. Make no mistake this includes the material sought in the plaintiffs proposed order not just CCRB material.