```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CHARLES PRITCHETT,

                                Plaintiff,

          -against-

THE CITY OF NEW YORK, CAPTAIN WILLIAM
McSORLEY, POLICE OFFICER ROBERT CANDREA,
POLICE OFFICER WILSON, POLICE OFFICER ERIK
CHRISTIANSEN, POLICE OFFICER MINDY
ANGUEIRA, POLICE OFFCER JAMES ROGERS, and
"JOHN/JANE DOES #1-5" believed to be members of
the NEW YORK CITY POLICE DEPARTMENT,

                                Defendants.

------------------------------------------------------------x

**STIPULATION & ORDER
OF CONFIDENTIALITY**

07 CV 3169 (HB)(GWG)

        WHEREAS, plaintiff has sought certain documents from defendant The City of New York in this action, documents which defendant deems confidential and privileged; and

        WHEREAS, defendants object to the production of portions of those documents;

        WHEREAS, defendants were directed to produce unredacted portions of said document when appropriate protection for their confidentiality is assured;

        NOW, THEREFORE, IT IS HEREBY ORDERED, as follows:

        1.     As used herein, without waiving any objections defendant might seek to interpose regarding production of these documents, "Confidential Materials" shall mean the Civilian Complaint Review Board Investigative File # 200610059, *not previously provided to* ###, which relates to the incident that is the subject of the above litigations, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than the defendants, or (b) are otherwise publicly available.

[handwritten initials: HB SO]

2. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

3. The Confidential Materials are being produced for "attorneys' eyes" only and shall not be disclosed to plaintiff.

4. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of his law office, except under the following conditions:

   a. Disclosure before trial may only be made to an expert who has been retained or specially employed by plaintiffs' attorney in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   b. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

5. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. If any paper that incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7.  Within 30 days after the termination of this case, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorney.

8. Nothing in this Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated: New York, New York
June 4, 2008

Michael Lumer (ML 1947)
Reibman & Weiner
Attorneys for Plaintiff
26 Court Street, Suite 1005
Brooklyn, New York 11242

By: _____
Michael Lumer (ML 1947)

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street, Rm. 3-148
New York, New York 10038
(212) 788-8714

By: _____
Joyce Campbell Privéterre (JCP 1146)
Assistant Corporation Counsel

SO ORDERED:

_____
U.S.D.J.

4

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Order dated June 4, 2008, entered into the action entitled *Charles Pritchett v. City of New York, et al.*, 07 CV 3169 (HB)(GWG), understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____

Signature: _____

Print Name: _____

Occupation: _____

5